1 | HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO SANTACRUZ-HERNANDEZ,<br><br>Defendant. | Case No. CR08-5607RBL<br>C09-5403RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion Pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On October 7, 2008 the defendant pleaded guilty to Illegal Reentry After Deportation in violation of 8 U.S.C. § 1326(a). Because the defendant had a prior felony conviction for a narcotics offense, the statutory maximum sentence he faced was twenty (20) years. 8 U.S.C. § 1326(b)(2). On January 7, 2009, the Court sentenced the defendant to 25 months and 1 week in custody. The Court arrived at this sentence based upon the guidelines calculations as set forth in the defendant's plea agreement including a four-level reduction in his offense level for participating in the district's fast-track program and a four month and three week credit for time spent in ICE custody.

The defendant now alleges that he received ineffective assistance of counsel because his attorney did not argue at sentencing the fact that the defendant will be deported after serving his sentence.

The defendant's claim that his sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient," and (2) "counsel's deficient performance prejudiced the defense." *Id.*, at 687. To show that counsel's performance was deficient, defendant must show that "counsel's representation fell below an objective standard of reasonableness," *id.*, at 688. This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*, at 689. In the context of a counseled plea of guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In the sentencing memorandum filed on the defendant's behalf, counsel argued for a sentence of 12 months and 1 day based primarily on the defendant's personal characteristics. Counsel explicitly argued that "[Defendant] realizes that he must forge a new life for himself in Mexico and not return to the United States." Defendant's Sentencing Memorandum, p. 3, Dkt. #20. By virtue of reading the Presentence Report and both parties' sentencing memoranda the Court was well aware that the defendant would be deported. The Court was also well aware of the restrictions the Bureau of Prisons places on a defendant who is facing deportation. Counsel's decision to not explicitly argue the effect of deportation as a mitigating factor did not fall below an "objective standard of reasonableness." Given counsel's knowledge of the Court's familiarity with the issue and given the benefits defendant had already received through the fast-track program, the strategic choices counsel made were entirely reasonable.

1 | The defendant received the effective, and highly competent, assistance of counsel. Defendant's
2 | Motion Pursuant to 28 U.S.C. § 2255 is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 22nd day of July, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE